## Hurt's Adm'r v. Abner.

January 23, 1948.

S. M. Ward, Judge.

Fred K. Cope for appellant.

T. E. Moore, Jr. for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In October, 1929, the appellee, Dan Abner, purchased from C. C. Hurt a tract of land in Knott County, Kentucky, for the consideration of $1,780, the conveyance including the entire title, except the underlying coal which had been previously sold by Hurt to another was reserved. The land almost, if not completely, was covered with merchantable timber, and it was principal-

ly for the timber that appellee made the purchase. The topography of the surface and perhaps other reasons made it unsuitable for agricultural purposes.

In 1927 Hurt borrowed $880 from W. A. Combs and gave a mortgage on the tract sold to Abner to secure that indebtedness. Abner paid no cash at the time Hurt executed the deed to him, but agreed to pay the consideration by assuming the indebtedness of Combs, and executed to Hurt nine promissory notes of $100 each for the balance of the consideration, one of which fell due each succeeding year from the date of the conveyance. Abner immediately lodged the deed obtained from Hurt with the county court clerk of the county, but it was never recorded.

He and his employees began to cut the timber soon after receiving the deed from Hurt and converted it into staves, bolts, railroad ties, and other marketable products. Combs realizing that the land was principally valuable for its timber, filed an action in the Knott circuit court to foreclose his mortgage, making Hurt and Abner defendants therein. In his petition he sought and obtained an attachment for all of the timber that had been cut, including that which had been manufactured. No defense was made to that action by any one, and Combs obtained judgment for his debt and an order directing the sale of the land and also the sale of the timber which had been cut or manufactured, his attachment thereon having been sustained. The master commissioner was directed to make the sale which he did and Combs became the purchaser for the amount of his debt, interest and costs. No exceptions were filed to the sale and the judgment was never modified or objected to in any respect.

C. C. Hurt died in 1943, and his son, James R. Hurt, was appointed administrator of his estate. He found among the private papers of his father the nine notes that Abner had executed as part consideration for the purchase of the tract of land. He then delivered the notes for collection to the present judge of the Perry circuit court, Hon. S. M. Ward, but the latter appears to have made no attempt to collect them, although he was urged by plaintiff that steps be taken to that end. When so requested he stated that Abner was insolvent

at the time and that he would defer action on the notes until he might become solvent, which was the only excuse he gave for his delay. In the meantime the attorney was elected to the office of circuit judge in the district in which both Knott and Perry Counties are included.

The administrator of C. C. Hurt by his attorney, Fred K. Cope, thereafter filed this ordinary action in the Perry circuit court against appellee, Abner, to collect the nine notes referred to, but no lien was attempted to be asserted against the tract of land conveyed to Abner.

The answer of appellant admitted everything stated in the petition, but affirmatively pleaded (1) that after the land was sold under the judgment obtained by Combs he procured the deed executed to him by Hurt and delivered it to the latter who then promised to mail to him the notes sued on, which defendant alleged was a rescission of the conveyance by Hurt to him and (2) that because of the sale of the land and the timber, under the Combs judgment there was a failure of consideration for the purchase of the tract from Hurt which, if true, made the notes uncollectible. A third defense was also interposed which was, that since both Abner and Hurt were defendants in the action by Combs the judgment in that case became res judicata of the matters involved in the instant one. The court overruled plaintiff's demurrer to those defenses. The affirmative allegations contained therein were then denied and upon proof taken the court dismissed plaintiff's petition, from which he prosecutes this appeal.

The only disputed fact upon which testimony was heard was directed to the redelivery of the deed to Hurt and his agreement to rescind the conveyance and surrender to appellee his notes. The case, in the meantime, was transferred to equity and the proof was taken by depositions. The testimony of defendant was that he and his brother, Lewis, carried the deed to the home of Hurt and delivered it to him followed by his promise to mail the notes to defendant, but which he never did. Exceptions were taken to the testimony of defendant for the manifest reason that he was an incompetent witness under section 606 of our Civil Code of Practice. Mrs. Hurt, who testified for plaintiff, denied emphatically

any such redelivery of the deed to her husband before his death, and the deed was not produced by any one, either as an exhibit to any pleading or otherwise, and no one from the office of the county court˙ clerk was introduced as a witness in the case.

During the trial and before the cause was submitted plaintiff made a motion that his former attorney and the then judge of the Perry circuit court, vacate the bench to be followed by the appointment of a special judge to try the case, since it might be embarrassing for the judge to preside at the trial of the case, but that motion was never acted on. We will now briefly consider the three affirmative defenses interposed by appellee to the petition:

(1) The evidence in support of defense (1) (Rescission) was, after the elimination of the testimony of defendant, supported only by his brother, Lewis Abner, but denied by Mrs. C. C. Hurt. Her testimony is unimpeached except by that of Lewis Abner. On the contrary it was strongly fortified by the circumstances of the case. The land, as we have seen, was practically worthless, except for the timber growing upon it. A large part of the timber was removed from the surface by the defendant and converted by him into marketable products, which were sold by Combs under the attachment he obtained when he foreclosed his mortgage. It is therefore inconceivable that C. C. Hurt would consent to rescind the deed he had executed to defendant, and cancel the notes of the latter after the land had been stripped of the timber thereon, which, as we have seen, was its chief value, and therefore the testimony of Lewis Abner to the contrary is so incredible as to be entitled to but little, if any credibility.

(2) The defense of failure of consideration is entirely without support. Abner agreed to pay the debt of Combs as a part of the consideration for his purchase of the tract. He did not do so and unless he was prevented from doing so by C. C. Hurt his failure to make the payment to Combs cannot be attributed to his vendor. By not keeping that promise and by diminishing the security of Combs the latter was induced to file his action and for which C. C. Hurt was in no wise responsible. It is therefore nothing less than sophistry

to insist upon a failure of consideration for the conveyance by Hurt. This defense, therefore, is entirely without merit.

The third defense (res judicata) is equally fallacious. That plea arises only between antagonistic litigants. No such antagonism existed between C. C. Hurt and appellee, Abner, in the Combs case. Therefore, the very foundation for the doctrine of res judicata was absent, thereby rendering that defense also unavailable and without merit.

It is perfectly patent that, under the facts as disclosed in this record, the predicament of the defendant, and appellee, was voluntarily produced by himself pulling the house down upon him by not paying Combs or procuring him to postpone his action until sufficient funds could be realized from the manufactured timber to satisfy his debt. Therefore, no one is to blame for any loss he may have sustained but himself.

Wherefore, the judgment is reversed with directions to set it aside and to enter one in favor of plaintiff for the amount of the notes sued on, plus interest and costs.